# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

TIMOTHY BROWN                                          PETITIONER

v.                                                           No. 4:06CV42-M-B

JOE THORNTON, ET AL.                                   RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Timothy Brown for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

## Facts and Procedural Posture

The petitioner was convicted of murder on October 5, 1990, in the Circuit Court of Washington County, Mississippi. He was sentenced to life imprisonment with the Mississippi Department of Corrections. On October 21, 1993, the Mississippi Supreme Court affirmed the petitioner's conviction and sentence. *Brown v. State,* 626 So. 2d 114 (Miss. 1993)(Cause No. 91-KA-0059-SCT). The petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court. The petitioner filed an "Application To The Supreme Court For Leave To Proceed In Trial Court" on June 28, 2004. The motion was denied on August 13, 2004. He also filed a second post-conviction motion in the Mississippi Supreme Court September 6, 2005, which was denied on October 25, 2005. Timothy Brown filed the instant federal petition for writ of *habeas corpus* March 15, 2006.

**Discussion**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S. C. § 2244(d)(1) and (2).

The petitioner's conviction became final on January 19, 1994, when the time for seeking *certiorari* review in the United States Supreme Court expired, ninety days after his conviction was affirmed on direct appeal. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired." (citations omitted)). The federal limitations period does not, however, begin to run against a state prisoner prior to the statute's date of enactment, April 24, 1996. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002); *Kiser v. Johnson*, 163 F.3d 326, 327-28 (5th Cir.

1999). In other words, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. Under this rule, the deadline for the petitioner to file his federal petition for a writ of *habeas corpus* expired on April 24, 1997. The petitioner's two state applications for post-conviction relief filed after this date do not toll the limitations period which had already expired.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on March 7, 2006, and the date it was received and stamped as "filed" in the district court on March 15, 2006. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 3,239 days (nearly nine years) after the April 24, 1997, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of June, 2006.

       /s/ Michael P. Mills
       **UNITED STATES DISTRICT JUDGE**